UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELISSA J. BOWMER, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:10-cv-01148-JMS-DML |
| | : | |
| v. | : | |
| | : | |
| EAGLE NATIONWIDE MORTGAGE CO., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant Eagle Nationwide Mortgage Co., by its undersigned counsel, answers Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted in part; denied in part. It is admitted that Defendant is an incorporated business. The remaining averments are denied.

3. Denied as a conclusion of law to which no response is required.

4. Denied as a conclusion of law to which no response is required.

5. Denied as a conclusion of law to which no response is required.

6. Admitted in part; denied in part. It is admitted that Plaintiff began working for Defendant in September, 2008. The remaining averments are denied.

7. Admitted in part; denied in part. While it is admitted that Plaintiff worked for Defendant, it is denied that her title was "loan officer."

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted in part; denied in part. It is admitted that Plaintiff quit her employment. The remaining averments are denied.

18. Denied as a conclusion of law to which no response is required.

19. Denied as a conclusion of law to which no response is required.

20. Denied as a conclusion of law to which no response is required.

21. Admitted.

22. Admitted.

23. Denied as a conclusion of law to which no response is required. To the extent this averment is deemed to be factual, it is denied.

24. Denied as a conclusion of law to which no response is required. To the extent this averment is deemed to be factual, it is denied.

25. Denied as a conclusion of law to which no response is required. To the extent this averment is deemed to be factual, it is denied.

26. Denied as a conclusion of law to which no response is required. To the extent this averment is deemed to be factual, it is denied.

27. Defendant incorporates its response to paragraphs 1 through 26.

28. Denied as a conclusion of law to which no response is required.

29. Admitted.

30. Denied as a conclusion of law to which no response is required.

31. Denied as a conclusion of law to which no response is required. To the extent this averment is deemed to be factual, it is denied.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff and that it be awarded costs and counsel fees and such other relief as the Court deems just and proper.

### First Affirmative Defense

Plaintiff's Complaint fails to set forth causes of action upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to mitigate her alleged damages.

### Third Affirmative Defense

Plaintiff claims are barred because she previously agreed to submit her claims to arbitration.

### Fourth Affirmative Defense

Because Plaintiff was an outside salesperson, she is not entitled to overtime pay.

### Fifth Affirmative Defense

Plaintiff is not a covered employee and Defendant is not a covered employer under the Wage Payment Statute.

### Sixth Affirmative Defense

Plaintiff is not entitled to be paid the minimum wage because she was an outside salesperson.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff and that it be awarded costs and counsel fees and such other relief as the Court deems just and proper.

                Respectfully submitted,

                /s/ Steven K. Ludwig
                Steven K. Ludwig, Esquire
                Fox Rothschild LLP
                2000 Market Street, 20th Floor
                Philadelphia, PA 19103-3222
                (215) 299-2164
                (215) 299-2150 (fax)
                sludwig@foxrothschild.com
                Counsel for Defendant
                Eagle Nationwide Mortgage Co.

Dated: November 8, 2010

## CERTIFICATE OF SERVICE

     I hereby certify that on the date noted below a copy of the foregoing pleading was served on the parties in this matter by operation of the Court's CM/ECF electronic filing system to counsel for plaintiff as follows:

          Ronald E. Weldy, Esquire
          weldy@weldylaw.com

          /s/ Steven K. Ludwig
          Steven K. Ludwig
          Fox Rothschild LLP
          2000 Market Street, 20th Floor
          Philadelphia, PA  19103-3222
          (215) 299-2164
          (215) 29-2150
          sludwig@foxrothschild.com
          Counsel for Defendant
          Eagle Nationwide Mortgage Co.

Dated:  November 8, 2010